UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GANZ & HAUF CHTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID SCOTT, et al., ) <br> ) <br> Defendants. ) <br> ) | 2:10-CV-00996-PMP-LRL <br><br> <u>ORDER</u> |

Presently before the Court is Defendant Sportsman's Warehouse, Inc.'s Motion to Dismiss (Doc. #4), filed on June 29, 2010. Defendant Ameriben/IEC Group filed a Joinder (Doc. #16) on September 15, 2010. Plaintiff Ganz & Hauf, Chtd. filed an Opposition (Doc. #18) to the motion on September 24, 2010. Plaintiff filed an Opposition (Doc. #20) to the joinder on October 4, 2010. Defendants filed a Reply (Doc. #19) on October 4, 2010. Unfortunately, Defendant's motion was not noted on the Court's electronic docket as a pending motion and was not discovered as such until recently. The Court regrets the delay.

## I. BACKGROUND

Plaintiff Ganz & Hauf, Chtd. brings this interpleader action in relation to funds obtained from a settlement in relation to an automobile accident. The interpled funds are subject to claims by the injured party, Defendant David Scott ("Scott"); various medical providers; and Plaintiff for legal services rendered to Scott in settling the claim against the other driver. (Notice of Removal (Doc. #1), Ex. A.)

///

1  Plaintiff also names as Defendants Sportsman's Warehouse Inc. ("Sportsman's"), a "self-funded health plan that provided benefits" to Scott, and Ameriben/IEC Group ("Ameriben"), Sportsman's third party administrator. (Id. at ¶ 16, 18.) Plaintiff alleges Defendants Sportsman's and Ameriben "had a contractual obligation to pay for medical care incurred as a result of this accident, some of which [they have] refused to pay for." (Id. at ¶ 30.) Plaintiff thus seeks declaratory relief that Sportsman's and/or Ameriben must pay for Scott's medical services, and that the Court determine the disbursement of the interpled funds. (Id. at 6-7.)

Defendant Sportsman's removed to this Court and now moves to dismiss on the basis that Plaintiff has alleged a claim under the Employee Retirement Income Security Act ("ERISA"), which preempts any state law claim. Sportsman's contends that Plaintiff cannot bring a claim under ERISA because it is not a participant or beneficiary of the ERISA plan, and therefore dismissal is appropriate. Defendant Ameriben joins in the motion.

Plaintiff responds that it is not apparent from the Complaint's allegations that Sportsman's operates an ERISA plan, and it is only Sportsman's unsupported assertion that ERISA governs Sportsman's self-funded plan. Moreover, Plaintiff requests leave to amend because even if ERISA applies, and even if Plaintiff cannot make a claim under ERISA, Scott can do so. Plaintiff therefore submits a proposed amended complaint pursuant to which Scott brings an ERISA claim against Sportsman's and Ameriben. Furthermore, Plaintiff argues that this is an interpleader action, and thus Sportsman's and Ameriben properly are named as Defendants to the extent they may have some claim to the interpled funds.

**II. DISCUSSION**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler

Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a strong presumption against dismissing an action for failure to state a claim.  Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief.  Bell Atl. Corp. v Twombly, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Id. at 555.

Generally, a plaintiff may amend his or her complaint once "as a matter of course" within twenty-one days after serving it, or twenty-one days after service of a responsive pleading or motion.  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2).  "The Court should freely give leave when justice so requires."  Id.; see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").  The Court considers five factors in deciding whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990) (citing Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989)).  The futility analysis determines whether the proposed amendment would survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6). Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Here, although the Complaint identifies Sportsman's as a self-funded plan, it does not allege facts which compel the conclusion that ERISA governs the relationship between Sportsman's and Scott.  Moreover, the Court, in the interest of justice, will grant

Plaintiff leave to file the proposed amended complaint. There is no evidence or argument that Plaintiffs have acted in bad faith or unduly delayed amendment. Defendants have identified no prejudice and have not argued amendment would be futile. Plaintiff has not previously amended the Complaint. The Court therefore will deny Defendant Sportsman's motion to dismiss, and will grant leave for Plaintiff to file the proposed amended complaint within twenty (20) days.

**III.  CONCLUSION**

      IT IS THEREFORE ORDERED that Defendant Sportsman's Warehouse, Inc.'s Motion to Dismiss (Doc. #4) is hereby DENIED.

      IT IS FURTHER ORDERED that Defendant Ameriben/IEC Group's Joinder (Doc. #16) is hereby DENIED.

      IT IS FURTHER ORDERED that Plaintiff is granted leave to file the proposed amended complaint within twenty (20) days of the date of this Order.

DATED: September 2, 2011

_____
PHILIP M. PRO
United States District Judge