UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GANZ & HAUF, CHTD; et al.,

　　　　Plaintiffs,

v.

UNIVERSITY MEDICAL CENTER OF SOUTHER NEVADA; et al.,

　　　　Defendants.

2:10-cv-0996-LRH-VCF

ORDER

Before the court are plaintiffs David Scott ("Scott") and Ganz & Hauf, CHTD.'s ("Ganz & Hauf") (collectively "plaintiffs") motion for default judgment against defendant Zotec Partners, LLC (Doc. #57[1]); motion for default judgment against defendant Red Rock Diagnostics, LLC (Doc. #58); motion for default judgment against defendant Russell J. Shah, M.D., LTD (Doc. #59); motion for default judgment against defendant Russell J. Shah, M.D. (Doc. #60); motion for default judgment against defendant Radar Medical Group, LLC (Doc. #61); motion for default judgment against defendant Michael Crowley, M.D. (Doc. #62); and motion for default judgment against defendant J. Paul Wiesner & Associates LTD, doing business as Radiology Associates of Southern Nevada (Doc. #63).

///

---

[1] Refers to the court's docket number.

## I. Facts and Procedural History

Plaintiffs filed this interpleader action to determine the amount of money certain medical providers are entitled to receive from an underlying settlement agreement. *See* Doc. #1, Exhibit A. Plaintiffs served aforementioned defendants with a summons and copy of the complaint. *See* Doc. ##41, 42, 43, 44, 45, 46, 47. Aforementioned defendants did not file an answer to the complaint after being properly served. Subsequently, plaintiffs obtained a clerk's entry of default against all aforementioned defendants. Doc. #48. Thereafter, plaintiffs filed the present motions for default judgment against aforementioned defendants. Doc. ##57, 58, 59, 60, 61, 62, 63.

## II. Discussion

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.* (citations omitted).

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due

2

1  to the excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d
2  at 1471-72.
3        The court has reviewed the documents and pleadings on file in this matter and finds that the
4  *Eitel* factors support entering a default judgment against aforementioned defendants in this action.
5  First, plaintiffs will be severely prejudiced if a default judgment is not entered because this action
6  has been ongoing for several years. Second, plaintiffs' complaint is sufficiently pled and supports
7  its requested relief. Third, by failing to respond to the interpleader complaint, aforementioned
8  defendants are essentially conceding their interest to the underlying settlement proceeds which is
9  the sole issue in this action. Fourth, there is no excusable neglect for the aformentioned defendants'
10 failure to obtain counsel and participate in this action. Finally, although public policy favors a
11 resolution on the merits, the court finds that a default judgment is warranted in light of the other
12 *Eitel* considerations and the fact that the defendants' unwillingness to participate precludes
13 resolution on the merits.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26

1   IT IS THEREFORE ORDERED that plaintiffs' motion for default judgment against defendant Zotec Partners, LLC (Doc. #57); motion for default judgment against defendant Red Rock Diagnostics, LLC (Doc. #58); motion for default judgment against defendant Russell J. Shah, M.D., LTD (Doc. #59); motion for default judgment against defendant Russell J. Shah, M.D. (Doc. #60); motion for default judgment against defendant Radar Medical Group, LLC (Doc. #61); motion for default judgment against defendant Michael Crowley, M.D. (Doc. #62); and motion for default judgment against defendant J. Paul Wiesner & Associates LTD, doing business as Radiology Associates of Southern Nevada (Doc. #63) are GRANTED.

IT IS FURTHER ORDERED that plaintiffs David Scott and Ganz & Hauf, CHTD. shall have ten (10) days after entry of this order to prepare an appropriate judgment against defendants Zotec Partners, LLC; Red Rock Diagnostics, LLC; Russell J. Shah, M.D., LTD; Russell J. Shah, M.D.; Radar Medical Group, LLC; Michael Crowley, M.D. and submit the same for signature.

IT IS SO ORDERED.

DATED this 18th day of December, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE