UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GANZ & HAUF, CHTD; et al.,

    Plaintiffs,

v.

UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; et al.,

    Defendants.

2:10-cv-0996-LRH-VCF

ORDER

Before the court is defendants Sportsman's Warehouse, Inc. ("SWI") and Ameriben/IEC Group's ("Ameriben") motion for summary judgment. Doc. #49.[1] Plaintiffs David Scott ("Scott") and Ganz & Hauf, CHTD. ("Ganz & Hauf") (collectively "plaintiffs") filed an opposition (Doc. #50) to which SWI and Ameriben replied (Doc. #52).

**I.    Facts and Procedural History**

On November 21, 2006, plaintiff Scott was injured in a motor vehicle accident. At the time of the accident Scott was an employee of SWI and was a participant in SWI's employee welfare benefit plan. Scott settled his claim against the other driver for the $25,000 insurance limit and sought additional monies for ongoing medical services from the welfare benefit plan.

Defendant Ameriben acted as the third party administrator for the welfare benefit plan.

---

[1] Refers to the court's docket number.

Ameriben denied Scott's claim for benefits citing several plan provisions and Scott did not appeal the denial of his benefits under the plan's internal review procedures.

Subsequently, plaintiffs filed a declaratory relief action against defendants SWI and Ameriben which the court construes as an action under Section 502 of the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. § 1132.[2] *See* Doc. #1, Exhibit A. Thereafter, defendants SWI and Ameriben moved for summary judgment. Doc. #49.

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to

---

[2] Section 502 allows an ERISA plan participant or beneficiary to bring an action in district court "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 28 U.S.C. §1132(a)(1)(B). The court has reviewed plaintiffs' claim for declaratory relief and finds that plaintiffs are seeking to determine the propriety of the denial of benefits decision and thus, are seeking to enforce Scott's rights under SWI's welfare benefit plan.

1  facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson*
2  *Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the
3  outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
4  (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is
5  not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material
6  fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for
7  the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of
8  evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;
9  there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

10  **III.   Discussion**

11  In their motion, moving defendants argue that they are entitled to summary judgment
12  because Scott failed to exhaust the administrative remedies outlined in the welfare benefit plan
13  prior to initiating this declaratory relief action. *See* Doc. #49. The court has reviewed the
14  documents and pleadings on file in this manner and agrees.

15  "ERISA itself does not require a participant or beneficiary to exhaust administrative
16  remedies in order to bring an action under § 502 of ERISA." *Vaught v. Scottsdale Healthcare Corp.*
17  *Heath Plan*, 546 F.3d 620, 626 (9th Cir. 2008). However, "based on both the text of ERISA and its
18  legislative history, [the Ninth Circuit has] concluded that 'federal courts have the authority to
19  enforce the exhaustion requirement in suits under ERISA, and that as a matter of sound policy they
20  should usually do so.'" *Id.* (quoting *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980)). Thus,
21  under established Ninth Circuit precedent, "an ERISA plaintiff claiming a denial of benefits 'must
22  avail himself or herself of a plan's own internal review procedures before bringing suit in federal
23  court.'" *Id.* (quoting *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478,
24  1483 (9th Cir. 1995)).

25  As outlined in SWI's welfare benefit plan, a post-service claimant must seek an appeal of a
26  denial of benefits before filing a civil action under ERISA. Specifically, the plan requires that a

3

1 claimant file an appeal of "any adverse benefit determine to the plan administrator" within 180 days
2 of a claim being denied. Doc. #49, Exhibit 2, Section H. Appeals, p.51-52. Then, if the claimant is
3 dissatisfied with the initial appeal, the claimant must request a second level appeal. Doc. #49,
4 Exhibit 2, Section K. Second Level Appeal of Post-Service Claims, p. 54. Exhaustion of both
5 levels of internal review are required as a prerequisite to filing an action under ERISA. *Id*. ("For
6 post-service claims, this second-level review is mandatory, i.e., you are required to undertake this
7 second-level appeal before you may pursue civil action under Section 502(a) of ERISA.").

8       Here, it is undisputed that Scott failed to comply with the welfare benefit plan's two-part
9 internal review process. His failure is inconsistent with the express requirements of the plan that
10 two levels of review be exhausted prior to seeking relief through ERISA's civil enforcement
11 provisions. Thus, the court finds that Scott has not complied with the internal review procedures
12 outlined in the welfare benefit plan and, as such, has failed to exhaust the administrative remedies
13 of the plan prior to filing the present action. Accordingly, the court shall grant moving defendants'
14 motion for summary judgment.

16       IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Doc. #49)
17 is GRANTED. The clerk of court shall enter judgment in favor of defendants Sportsman's
18 Warehouse, Inc. and Ameriben/IEC Group and against plaintiffs David Scott and Ganz & Hauf,
19 CHTD.

20       IT IS SO ORDERED.
21       DATED this 12th day of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE